The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Doe, TUID 915019978
6467 River Birchfield Road
Jamesville, NY 13078

## DEFENDANTS

Temple University
1801 N. Broad Street
Philadelphia, PA 19122

(b) County of Residence of First Listed Plaintiff: Onondaga County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia County, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patricia M. Hoban, Esquire, Two Penn Center, Suite 200, 1500 John F. Kennedy Boulevard, PA 19102 (215) 854-6332

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec 1332 (Diversity / Damages in excess of $75,000); Civil Rights
Brief description of cause:
libel / slander   Civil Rights Violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 9/3/2013

SIGNATURE OF ATTORNEY OF RECORD: [signature] M Hoban / PMH 4472

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CIVIL COVER SHEET
CONTINUATION

**DEFENDANTS**

KORNBERG SCHOOL OF DENTISTRY  :
TEMPLE UNIVERSITY  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :
  :
NEIL D. THEOBALD, individually and as  :
President of Temple University  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :
  :
AMID I. ISMAIL, BDS, MPH, MBA, Dr PH, individually  :
and Dean, Kornberg School of Dentistry Temple University  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :
  :
DEAN AINSLEY CARRY, individually and as  :
Dean of Student Affairs  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :
  :
ANDREA CAPORALE SEISS, individually and as  :
Senior Associate Dean of Students  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :
  :
THERESA A. POWELL, individually and as  :
Vice-President for Student Affairs  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :
  :
REBEKA RHODES, individually and as Student Conduct  :
Administrator for Student Affairs  :
1801 N. Broad Street  :
Philadelphia, PA 19122  :
  :
 and  :

| | |
|---|---|
| THE TEMPLE UNIVERSITY REVIEW<br>BOARD, and its members<br>1801 N. Broad Street<br>Philadelphia, PA  19122 | :<br>:<br>:<br>: |
| and | : |
| Lisa P. Deem, DMD, JD, individually and as<br>Associate Dean For Admissions, Diversity and Student<br>Services Faculty Ombudsperson<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | :<br>:<br>:<br>:<br>: |
| and | : |
| Tom M. Johnson, individually and as, Program<br>Coordinator for the Office of Student Conduct<br>and Community Standards<br>1801 N. Broad Street<br>Philadelphia, PA  19122 | :<br>:<br>:<br>:<br>: |
| and | : |
| Elizabeth Mannion, individually and as<br>Chair of the University Disciplinary Board<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | :<br>:<br>:<br>: |
| and | : |
| Hana Hasson, DDS,  individually and as<br>Head Faculty Member, Restorative Dentistry I<br>1801 N. Broad Street<br>Philadelphia, Pa. 19122 | :<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF TEMPLE UNIVERSITY,<br>individually and in their official capacities on<br>behalf of Temple University, a public university<br>1801 N. Broad Street<br>Philadelphia, Pa. 19122 | :<br>:<br>:<br>:<br>: |
| and<br>JAMES RAGU, individually and in his official<br>capacity as a Detective for Temple Campus Security<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | :<br>:<br>:<br>:<br>: |
| and | : |
| LISA NAUJOKS<br>1010 Arch Street, Apt. 414<br>Philadelphia, PA 19107 | :<br>:<br>: |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| John Doe, TUID 915019978 | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Temple University, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                    (XX)

| | | |
|---|---|---|
| 9/3/2013 | _Patricia M. Hoban_ | John Doe, TUID 915019978 |
| | Attorney-at-law | Attorney for Plaintiff |
| (215) 854-6332 | (267) 639-6316 | pmhoban@hotmail.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __6467 River Birchfield Road, Jamesville, NY 13078__

Address of Defendant: __1801 N. Broad Street, Philadelphia, PA 19122 / 1010 Arch Street, Apt. 414, Philadelphia, PA 19107__

Place of Accident, Incident or Transaction: __Philadelphia, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multi-district litigation possibilities?   NO   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) (Premises)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Patricia M. Hoban, Esquire__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __9731/2013__   __Patricia M. Hoban, Esquire__ /s/ M Hol   __36945__
                       Attorney-at-Law                          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/3/2013__   /s/ M Hol   __36945__
                     Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, TUID 915019978<br>6467 River Birchfield Road<br>Jamesville, NY 13078 | CIVIL ACTION |
| VS. | |
| TEMPLE UNIVERSITY<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | JURY TRIAL DEMANDED |
| and | |
| KORNBERG SCHOOL OF DENTISTRY<br>TEMPLE UNIVERSITY<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | |
| and | |
| NEIL D. THEOBALD, individually and as<br>President of Temple University<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | |
| and | |
| AMID I. ISMAIL, BDS, MPH, MBA, Dr PH, individually<br>and Dean, Kornberg School of Dentistry Temple University<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | |
| and | |
| DEAN AINSLEY CARRY, individually and as<br>Dean of Student Affairs<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | |
| and | |
| ANDREA CAPORALE SEISS, individually and as<br>Senior Associate Dean of Students<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | |
| and | |
| THERESA A. POWELL, individually and as<br>Vice-President for Student Affairs<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | |

|  |  |
|---|---|
| and | : |
|  | : |
| REBEKA RHODES, individually and as Student Conduct | : |
| Administrator for Student Affairs | : |
| 1801 N. Broad Street | : |
| Philadelphia, PA 19122 | : |
|  | : |
| and | : |
|  | : |
| THE TEMPLE UNIVERSITY REVIEW | : |
| BOARD, and its members | : |
| 1801 N. Broad Street | : |
| Philadelphia, PA 19122 | : |
|  | : |
| and | : |
|  | : |
| Lisa P. Deem, DMD, JD, individually and as | : |
| Associate Dean For Admissions, Diversity and Student | : |
| Services Faculty Ombudsperson | : |
| 1801 N. Broad Street | : |
| Philadelphia, PA 19122 | : |
|  | : |
| and | : |
|  | : |
| Tom M. Johnson, individually and as, Program | : |
| Coordinator for the Office of Student Conduct | : |
| and Community Standards | : |
| 1801 N. Broad Street | : |
| Philadelphia, PA 19122 | : |
|  | : |
| and | : |
|  | : |
| Elizabeth Mannion, individually and as | : |
| Chair of the University Disciplinary Board | : |
| 1801 N. Broad Street | : |
| Philadelphia, PA 19122 | : |
|  | : |
| and | : |
|  | : |
| Hana Hasson, DDS, individually and as | : |
| Head Faculty Member, Restorative Dentistry I | : |
| 1801 N. Broad Street | : |
| Philadelphia, Pa. 19122 | : |
|  | : |
| and | : |
|  | : |
| TRUSTEES OF TEMPLE UNIVERSITY, | : |
| individually and in their official capacities on | : |
| behalf of Temple University, a public university | : |
| 1801 N. Broad Street | : |
| Philadelphia, Pa. 19122 | : |
|  | : |
| and | : |

| | |
|---|---|
| JAMES RAGU, individually and in his official<br>capacity as a Detective for Temple Campus Security<br>1801 N. Broad Street<br>Philadelphia, PA 19122 | :<br>:<br>:<br>:<br>: |
| and | : |
| LISA NAUJOKS<br>1010 Arch Street, Apt. 414<br>Philadelphia, PA 19107 | :<br>:<br>:   NO: |

## COMPLAINT - CIVIL ACTION

### INTRODUCTION

Plaintiff, John Doe, Temple ID 915019978 (hereinafter "Doe"), by and through his undersigned counsel hereby asserts the following claims against the defendants in the above matter:

(1) violation of 42 U.S.C. 1983: arrest;

(2) violation of 42 U.S.C. 1983: detention and confinement;

(3) violation of 42 U.S.C. 1983: conspiracy;

(4) violation of 42 U.S.C. 1983: refusing or neglecting to prevent;

(5) malicious prosecution;

(6) malicious abuse of process;

(7) violation of Pennsylvania Civil Rights Act;

(9) negligence; and

(10) negligent infliction of emotional distress.

### JURISDICTION

1. The Federal District Court for the Eastern District of Pennsylvania has jurisdiction under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1343(3) and 1343(4).

2. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and

1367(a); 42 U.S.C. secs. 1983, <u>1985, 1986, and 1988; and 18 U.S.C. 1961-1968.</u>

    3.    Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

    4.    Original diversity jurisdiction of this court arises under 28 U.S.C. secs 1332, for the following reasons:

    (a)    Plaintiff is an adult individual who resides at 6467 River Birchfield Road, Jamesville, NY 13079;

    (b)    All Defendants are residents of the City of Philadelphia, Commonwealth of Pennsylvania.

    (c)    the amount in controversy is in excess of seventy five thousand ($75,000.00) dollars, exclusive of interest or costs.

## BACKGROUND

    5.    On September 25, 2012, plaintiff, John Doe, was a full time 1st year dental student enrolled in Temple University's Kornberg School of Dentistry.

    6.    That John Doe, is an African American student, a United States citizen born in the United States, has been treated differently because of his color, ethnicity and citizenship.

    7.    That John Doe, was expelled from Temple University Dental School based on the unfounded, negligent, careless and reckless phony accusations of a white female student who alleged that he engaged in lewd conduct and fondled himself in her presence and offered her money in exchange for sexual favors.

    8.    Plaintiff's accuser is a white woman in her early twenties from Utah and was unfamiliar with North Philadelphia, Philadelphia as a whole, and people of different races.

    9.    Lisa Naujok's (Plaintiff's accuser) phony accusations were colored by her own

initial prejudgments based on her personal bias and mispreceptions concerning race.

10. In written and oral statements, Lisa Naujoks made prejudical statements concerning Plaintiff's race and physical demeanor, including, but not limited to that Plaintiff looked "foreign" "different", "creepy", "weird", "odd", etc.

11. That John Doe has been treated differently because of his medical impairments.

12. In February 2012, at the age of twenty-seven (27), Plaintiff "suffered a sudden cardiac arrest due to an acute myocardial infarction (heart attack). This heart attack was caused by blood clots that completely occluded two of Plaintiff's major coronary arteries. Due to the extent of the damage to his heart from the heart attack, Plaintiff must take five (5) different medications on a daily basis. These medications affect Plaintiff's appearance, demeanor, and behavior.

13. Lisa Naujoks accusations were colored by her own initial prejudgments based on her lack of knowledge about Plaintiff's medical condition and the medications that he takes on a daily

14. Lisa Naujoks misperceptions and misinterpretations of Plaintiff's behavior and actions were unreasonable.

15. Contrary to Lisa Naujoks statements, Plaintiff was not able to "fondle" himself on the subway train because of his above-noted medical impairments and physical limitations.

16. The accusations made by Lisa Naujoks were false and she mistook Plaintiff's otherwise harmless actions as threats to her safety.

17. That John Doe, in order to protect his constitutional rights, has filed this appeal from the actions of defendant, Temple University, and its employees, representatives and/or agents, to this expulsion and other punishments set forth in the December 4, 2012 letter from Temple and its employees.

## THE PARTIES

18.     Plaintiff is John Doe, Temple ID 915019978, an individual, who resides at 6467 River Birchfield Road, Jamesville, NY 13078.

19.     Defendant is Temple University, which holds itself out to be a public university, owned and operated under color of State law by the Commonwealth of Pennsylvania, receiving the bulk of its funding from the Commonwealth of Pennsylvania. Its main address is 1801 N. Broad Street, Philadelphia, Pa. 19122.

20.     Defendant is Kornberg School of Dentistry of Temple University, which holds itself out to be a public university, owned and operated under color of State law by the Commonwealth of Pennsylvania, receiving the bulk of its funding from the Commonwealth of Pennsylvania. Its main address is 1801 N. Broad Street, Philadelphia, Pa. 19122.

21.     Defendant, Neil D. Theobald, is being sued individually and in his official capacity as President of Temple University. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

22.     Defendant, Amid I. Ismail, BDS, MPH, MBA, Dr PH, is being sued individually and in his official capacity as Dean, Kornberg School of Dentistry, Temple University. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

23.     Defendant, Dean Ainsley Carry, is being sued individually and in his official capacity as Dean of Student Affairs. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

24.     Defendant, Andrea Caporale Seiss, is being sued individually and in her official capacity as Senior Associate Dean of Students. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

25. Defendant, Theresa A. Powell, is being sued individually and in her official capacity as Vice-President for Student Affairs. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa.19122.

26. Defendant, Rebekah Rhodes, is being sued individually and in her official capacity as Student Conduct Administrator for Student Affairs. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa.19122.

27. Defendants are The Temple University Review Board and its members, who are being sued individually and in their official capacities as members of The Temple University Review Board, which maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

28. Defendant, Lisa P. Deem, DMD, JD is being sued individually and in her official capacity as Associate Dean for Admissions, Diversity and Student Services Faculty Ombudsperson. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

29. Defendant, Tom M. Johnson, is being sued individually and in his official capacity as Program Coordinator for the Office of Student Conduct and Community Standards. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

30. Defendant, Elizabeth Mannion, is being sued individually and in her official capacity as the Chair of the University Disciplinary Board. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

31. Defendant, Hana Hasson, DDD, faculty member of Restorative Dentistry I, is being sued individually and in as the servant, agent, employee or representative of Temple Dental School. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

32. Defendants are the Trustees of Temple University, who are being sued individually

and in their official capacities on behalf of Temple University, a public university.

33. Defendant, James Ragu, is being sued individually and in his official capacity as a Detective and litigation consultant for Temple Campus Security. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122

34. Defendant, Lisa Naujoks, being sued individually. She resides at 1010 Arch Street, Apartment 414, Philadelphia, PA 19107.

## FACTS OF THE CASE

A. **John Doe, Temple Dental School Student**

35. On September 25, 2012, plaintiff, John Doe, was a full time 1st year dental student enrolled in Temple University's Kornberg School of Dentistry.

36. Plaintiff moved to Philadelphia in late August, 2012 to matriculate in Dental School and had only been in the city for approximately four weeks prior to the date of the incident which is the subject matter of this complaint.

37. Prior to moving to Philadelphia, Plaintiff resided in Jamestown, New York and he received his undergraduate degree from SUNY University in New York.

38. On September 25, 2012, at approximately 7:00 p.m. Plaintiff was inside the Temple University medical school library.

39. Plaintiff left the library at approximately 7:15 p.m. with the intent to return to his apartment which was located at 1512 Spruce Street, Philadelphia, PA.

40. Plaintiff had only been in the city for approximately four weeks prior to the date of the alleged incident and had limited exposure to the city and subway lines and public transportation.

41. In error Plaintiff boarded the South Bound "Broad- Ridge Spur" instead of the

"Center City Green Line Express" as required. When Plaintiff realized his mistake, he exited the subway at the Gallery - 8th & Filbert Streets, which was the last stop on the line.

42. After, Plaintiff disembarked the train he accidentally crossed paths with Defendant, Lisa Naujoks at or near 10th and Arch Streets.

43. Plaintiff recognized Lisa Naujoks as a fellow Temple student who he had seen earlier that evening while he was at the Medical School Library. Naujoks was also on the same subway car as Plaintiff but had disembarked at an earlier stop.

44. Plaintiff acknowledged Naujoks, attempted to engage her in conversation and asked her if she was a Student at Temple Medical School. The brief exchange was inconsequential and Plaintiff left peacefully on his own accord.

45. Three (3) days later, on September 28, 2012 at approximately 1:00 p.m. Plaintiff was attending a Biochemistry review session class when two Temple Campus Security Officers came into the classroom and took Plaintiff into custody in the presence of his classmates. The officer's preceded to interrogate him and rifled through Plaintiff's belongings, including his backpack, laptop and wallet. Plaintiff was then taken to the Temple security office and detained with handcuffs for approximately five (5) hours. Plaintiff was not informed of the nature of the complaint or why he was being detained.

46. Plaintiff was held in custody for over twenty (24) hours. At the time of his arraignment, Plaintiff first learned that he was being charged with stalking (18 Pa.C.S. §2709.1), harassment (18 Pa.C.S. §2709), disorderly conduct (18 Pa.C.S. §5503), and open lewdness (18 Pa.C.S. §5901). A criminal complaint was filed under Municipal Court Docket *Commonwealth vs. John Doe (name redacted)* MC-51-CR-0039774-2012. A Redacted copy of the Criminal Dockets

is attached hereto as Exhibit "1".

47. After trial, Plaintiff was found NOT GUILTY of all charges.

48. As a result of the pending criminal charges against Plaintiff, the Temple Defendants initiated Disciplinary proceedings against Plaintiff, which resulted in the expulsion of Plaintiff from the Dental School Program.

49. Plaintiff is a twenty-eight (28) year old 6'4" black male.

50. Plaintiff had no disciplinary issues of any kind prior to the incident which is the subject of this complaint.

51. In February 2012, at the age of twenty-seven (27), Plaintiff "suffered a sudden cardiac arrest due to an acute myocardial infarction (heart attack). This heart attack was caused by blood clots that completely occluded two of Plaintiff's major coronary arteries.

52. Plaintiff's hospitalization at that time of the heart attack was complicated by a pulmonary embolism, a massive blood clot to his lungs.

53. Due to the extent of the damage to his heart from the heart attack, Plaintiff now has a reduced cardiac ejection fraction, which is another term for systolic heart failure." As a result of this medical conditions, and the significant damage to his heart, Plaintiff must take five (5) different medications on a daily basis. These medications include a beta blocker, Clopidogrel, Metoprolol (which is known to cause ED), Warfarin, and Atorvastatin.

54. Plaintiff is heavily medicated as noted above and these medications affect his appearance, demeanor, and behavior.

55. The side effects of these medications, combined with the symptoms of Plaintiff's reduced heart function, have resulted in Plaintiff experiencing fatigue, decreased endurance, loss of