IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, : | Civil Action |
| Plaintiff, : | No. 2:13 – cv – 5156 |
| v. : | |
| TEMPLE UNIVERSITY, ET AL., : | |
| Defendants. : | |

### ORDER

**AND NOW**, this _____ day of _____ 20__, upon consideration of Defendants' Motion to Strike Plaintiff's Use of a Pseudonym and Compel the Use of His Legal Name in the Caption and Complaint Pursuant to Pursuant to Federal Rule of Civil Procedure 10(a), and any responses thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**.  Plaintiff shall file an amended complaint identifying Plaintiff's legal name in the caption and complaint within ten (10) days of this Order.

                                                                                                     Judge Mitchell S. Goldberg
                                                                                                     United States District Judge

-

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | Civil Action |
| Plaintiff, | : | No. 2:13 – cv – 5156 |
| v. | : | |
| TEMPLE UNIVERSITY, ET AL., | : | |
| Defendants. | : | |

**TEMPLE DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
USE OF A PSEUDONYM AND COMPEL THE USE OF HIS NAME
IN THE CAPTION AND COMPLAINT PURSUANT TO
<u>RULE 10(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

Defendants Temple University, Kornberg School of Dentistry, Neil D. Theobald, Amid I. Ismail, BDS, MPH, MBA, Dr. PH, Dean Ainsley Carry, Andrea Caporale Seiss, Theresa A. Powell, Rebekah A. Rhodes, The Temple University Review Board, and its unnamed members, Lisa P. Deem, DMD, JD, Tom M. Johnson, Elizabeth Mannion, Hana Hasson, DDS, Trustees of Temple University, James Ragu, ("Temple Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 10(a), to strike Plaintiff's use of a pseudonym and compel the use of his legal name in the caption and Complaint.[1]  The bases for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

---

[1] Temple Defendants are contemporaneously filing a Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To the extent that Temple Defendants' Motion to Dismiss is not granted in total, Temple Defendants seek to strike Plaintiff's use of a pseudonym and compel the use of his legal name in the caption and Complaint.  To the extent that the Motion to Dismiss is granted in full, the within Motion will be moot.

-

**WHEREFORE**, Temple Defendants respectfully request that their Motion be granted and that Plaintiff is compelled to identify his legal name in the caption and Complaint in this matter.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

YBM5502_____
Joe H. Tucker, Jr. Esquire
Yvonne Barnes Montgomery, Esquire
Bacardi L. Jackson, Esquire
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
215. 875.0609 – Telephone
215. 875.8143 – Facsimile
jtucker@tlgattorneys.com

**Attorneys for Temple Defendants**

**Date: December 9, 2013**

-

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, : | Civil Action |
| Plaintiff, : | No. 2:13 – cv – 5156 |
| v. : | |
| TEMPLE UNIVERSITY, ET AL., : | |
| Defendants. : | |

**TEMPLE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO STRIKE PLAINTIFF'S USE OF A
PSEUDONYM AND COMPEL THE USE OF HIS NAME IN THE
CAPTION AND COMPLAINT PURSUANT TO
<u>RULE 10(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

**I.      INTRODUCTION**

The plaintiff, John Doe, aka Brian Gene West ("Plaintiff"), filed a seven-count Complaint against fifteen named Defendants including, Temple University,[2] Kornberg School of Dentistry,[3] Neil D. Theobald, Amid I. Ismail, BDS, MPH, MBA, Dr. PH, Dean Ainsley Carry, Andrea Caporale Seiss, Theresa A. Powell, Rebekah A. Rhodes, The Temple University Review Board,[4] and its unnamed members, Lisa P. Deem, DMD, JD, Tom M. Johnson, Elizabeth Mannion, Hana Hasson, DDS, Trustees of Temple

---

[2] The correct name of this Defendant is Temple University—Of The Commonwealth System of Higher Education (referred to in this Motion as "Temple University").

[3] There is no such legal entity separate and apart from Temple University that is capable of being sued.

[4] There is no such legal entity capable of being sued. Moreover, there is no informal entity at Temple University with this designation.

-

University, James Ragu,[5] (exclusive of the non-existent Defendants, collectively, "Temple Defendants") and Lisa Naujoks, a Temple University medical student.  Contrary to Rule 10(a) of the Federal Rules of Civil Procedure, Plaintiff filed the Complaint using the pseudonym John Doe instead of his legal name as mandated by the Rules.  Temple Defendants now move to strike Plaintiff's use of a pseudonym and compel the use of his legal name in the caption and Complaint.  Temple Defendants submit this Memorandum of Law in support of their Motion.

## II.     BACKGROUND FACTS AND PROCEDURAL HISTORY

Temple Defendants herein incorporate by reference the Preliminary Statement, Factual Background and Procedural History set forth in their Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Supporting Memorandum of Law filed contemporaneously with the within Motion.

## III.    APPLICABLE STANDARD OF REVIEW

Rule 10(a) of the Federal Rules of Civil Procedure states that "the title of the complaint must name all the parties."  Fed. R.C.P. 10(a).

> Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."

---

[5] James Ragu is identified as a Detective for Temple Campus Safety.  There is no James Ragu employed by Temple University and there is no Temple Campus Safety entity or department.  At times, the Complaint references James Rago, who is a Temple University Police Department Detective.

-

> Blue Cross, 112 F.3d at 872; Fed. R. Civ. P. 10(a). A[dditionally], defendants have a right to confront their accusers. See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979).  A plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).

John Doe v Megless, 654 F.3d 404, 408 (3d Cir. 2011) (district court's requirement that plaintiff litigate under his own name or face dismissal did not amount to an abuse of the court's discretion).

Only in exceptional circumstances is a litigant allowed to proceed anonymously. Doe v. C.A.R.E.S. Protection Plus, Inc., 527 F.3d 358, 371 (3d Cir. 2008).  The fear that one may suffer embarrassment or economic harm is not sufficient.  Id.  Instead, to establish an exceptional circumstance such that a litigant is allowed to use a pseudonym, a (plaintiff in this instance) must establish "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  Id. (quoting Doe v. Kamehameha Sch/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010).

In Megless, the Third Circuit expressly endorsed the balancing test set forth in Doe v. Provident Life Ac. Ins. Co., 176 F.R.D. 464, 467 (E.D. PA. 1997), to determine whether an anonymous party will suffer substantial harm that sufficiently outweighs the public interest in an open trial.  Meglass, 654 F.3d at 408. Specifically, the Third Circuit embraced a "non-exhaustive list of factors to be weighed both in favor of anonymity and also factors that favor the traditional rule of openness." Id. at 409 (citing Doe v. Provident Life at 176 F.R.D. at 467). The factors in favor of anonymity include:

-

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Doe v. Provident Life, 176 F.R.D. at 467-68. Conversely, the factors weighing against anonymity in support of openness and identifying the litigant include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. Notably, "the list of factors is not comprehensive, and that trial courts 'will always be required to consider those [other] factors which the facts of the particular case implicate.'" Meglass, 654 F.3d at 409 (citing Doe v. Provident Life, 176 F.R.D. at 468).

## IV.  LEGAL ARGUMENT

Weighing the factors set forth in Doe v. Provident Life to determine whether Plaintiff should be allowed to proceed pseudonymously confirms that this matter does not present an "exceptional circumstance." Plaintiff will not suffer substantial harm that sufficiently outweighs the public interest in an open trial. Plaintiff, therefore, should be required to proceed in this litigation under his legal name.

-

### A. The Provident Life Factors in Favor of Anonymity Compel Use of Plaintiff's Legal Name

An individual review of each of the factors set forth Doe v. Provident Life demonstrates that allowing Plaintiff to proceed pseudonymously in not warranted in this case.

1. The extent to which the identity of the litigant has been kept confidential.

Plaintiff's identity relating to the case facts has never been confidential. "A court is more likely to grant pseudonymity if a party's anonymity has been preserved." Doe v. Megless, 2010 U.S. Dist. LEXIS 79098, 2010 WL 3076246, at *3 (E.D. Pa. Aug. 5, 2010). As a result of Plaintiff's alleged conduct and following a criminal investigation, Plaintiff was arrested and charged with stalking, harassment, disorderly conduct, and open lewdness. (Compl. ¶ 46; Exhibit "1" to Compl.)[6] Plaintiff was tried on the criminal charges, during which proceeding he testified about the incident and his alleged medical condition in open court. Plaintiff's criminal proceedings, the relevant facts of which are identical to the facts in this case, were public. Indeed, a non-confidential transcript of the trial was made and is available to the public.[7]

In addition, Temple University initiated disciplinary proceedings against Plaintiff for violation of several provisions of the Student Code of Conduct. (Compl. ¶180). Temple University provided Plaintiff with a student disciplinary hearing before a panel comprised of Temple University administrators, faculty and students. Plaintiff's identity was not confidential during this proceeding.

---

[6] Plaintiff includes as Exhibit "A" to the Complaint a copy of the docket sheet from the underlying criminal proceeding. Even though Plaintiff has attempted to black-out his name from the attached docket sheet – his identity remains on page 3 of 5 the docket report - his identity and related information is easily accessible to anyone with computer access.

[7] Indeed, during a recent telephone conversation, counsel for Plaintiff indicated that she has requested and received a copy of the trial transcript in which Plaintiff is identified throughout by name.

-

In sum, Plaintiff's identity has been revealed to the public in the criminal and during the student disciplinary proceedings both of which occurred prior to the initiation of this lawsuit. As such, this factor does not weigh in favor of anonymity.

2. <u>The bases upon which disclosure is feared or sought to be avoided</u>.

The reason that Plaintiff seeks to avoid the disclosure of his legal name is not necessarily clear as Plaintiff did not seek leave of court to file the Complaint anonymously before filing it. Nonetheless, "the fear that one may suffer embarrassment or harm to the party's professional or economic life are not sufficient to outweigh the presumption that all parties to litigation should be identified by name." <u>Doe v. C.A.R.E.S. Protection Plus, Inc.</u>, 527 F.3d at 371. Plaintiff cannot set forth any reasonable harm that he is seeking to avoid by using a pseudonym.

To the extent that Plaintiff attempts to offer a conceivable harm, it is worth noting that Plaintiff makes allegations against Defendant Lisa Naujoks, a Temple University medical student, and another Temple student, Kamal Johnson, an uninvolved undergraduate student, without using pseudonyms in the Complaint for either of them. Specifically, Plaintiff states, <u>inter alia.</u>, that Defendant Naujoks "made phony accusations" against him (Compl. ¶ 67); and, that Defendant Naujoks' accusations against Plaintiff "were colored by her own initial prejudgments based on her personal bias and misperceptions concerning race." (Compl. ¶ 68). Indeed, Plaintiff asserts an equal protection claim against Temple Defendants wherein he alleges that Mr. Johnson, a Temple University undergraduate football player and purported comparator, was arrested and charges with various criminal charges following an incident with his

-

girlfriend.  (Compl. ¶¶ 86-95; Exhibits "3-5" to Compl.)[8].  Plaintiff cannot set forth any reasons sufficiently serious to weigh in favor of anonymity, especially in light of his blatant failure to protect the identities of Defendant Naujoks and Kamal Johnson.

> 3. The magnitude of the public interest in maintaining the confidentiality of the <u>litigant's identity</u>.

There is no substantial public interest in maintaining Plaintiff's anonymity. Plaintiff does not allege that he suffers from mental illness.  <u>Doe v. Hartford Life & Accident Ins. Co.</u>, 237 F.R.D. 545, 550 (D.N.J. 2006) (finding that plaintiff's interest in remaining anonymous outweighed the public's interest in his identity where prior to filing suit, plaintiff "only revealed his [mental] condition to a few close friends, family and his medical providers").   Further, the Complaint does not disclose any other highly sensitive or stigmatizing personal information - like rape, abortion or incest - about Plaintiff.

Because there is no evidence demonstrating that requiring Plaintiff to disclose his legal name will deter other similarly situated plaintiffs from filing a lawsuit in the future, Plaintiff should be compelled to disclose his name.

> 4. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's <u>identities</u>.

The 279-paragraph Complaint filed by Plaintiff does not set forth a purely legal claim. Instead, the claims in this case are extremely fact sensitive, thus heightening the public's interest in knowing Plaintiff's identity.  Hence, this factor also weighs in favor of Plaintiff being disallowed to proceed in pseudonym.

---

[8] Unlike Plaintiff's criminal docket report, Plaintiff did not redact the name of Kamal Johnson before attaching to the Complaint the docket report, news reports or other documents relating to Mr. Johnson.

-

5. The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publically <u>identified</u>.

There is no evidence that Plaintiff will withdraw his claims if he is not allowed to proceed in pseudonym. As stated previously, the facts asserted in Plaintiff's Complaint are already a matter of public record as Plaintiff has already participated in a public criminal trial and Temple University student disciplinary proceedings. To the contrary, to the extent that Plaintiff believes that he suffered a wrong because of the September 25, 2012 incident, proceeding without a pseudonym may be the best way to of clear his name, which is already of public record.

6. Whether the party seeking to sue pseudonymously has legitimate ulterior <u>motives</u>.

There is no direct evidence that Plaintiff's desire to proceed anonymously is because of an illegitimate ulterior motive. It is somewhat suspicious, however, that Plaintiff would seek to protect his identity against allegations of inappropriate conduct but not afford the same protection to an unknowing, uninvolved fellow Temple University student, Kamal Johnson.

### B. The <u>Provident Life</u> Factors Disfavoring Anonymity Compel Use of Plaintiff's Legal Name

1. <u>The universal level of public interest in access to the identities of litigants</u>.

The Court "must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings. There is a universal public interest in access to the identities of litigants." <u>Doe v. Megless</u>, 654 F.3d at 411. This factor, therefore, strongly weighs against allowing Plaintiff to proceed anonymously.

-

2. Whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally <u>obtained</u>.

Plaintiff is not a public figure.  Further, there is no indication that this litigation would be of more interest to the public than any other litigation alleging civil rights violations, negligence and libel.  Temple Defendants concede that this factor does not weigh against allowing Plaintiff to proceed in pseudonym.

3. Whether the opposition to pseudonym by counsel, the public, or the press is <u>illegitimately motivated</u>.

Temple Defendants' opposition to Plaintiff remaining anonymous is not illegitimately motivated.  In his Complaint, Plaintiff has made very serious allegations of constitutional violations, negligence and libel against a number of current and Temple University administrators, faculty and students, all of whom have been specifically named in the Complaint.  Plaintiff should be identified as well.  He should not be allowed to make these allegations against Temple Defendants and then effectively hid behind a John Doe pseudonym.  Because the Complaint does not allege matters that are highly sensitive, like abortion or mental illness or present a real danger of physical harm or injury, Plaintiff should be compelled to disclose his identity in the caption and Complaint.

## IV. **CONCLUSION**

For the forgoing reasons, Temple Defendants, respectfully request that this Court enter an Order to strike Plaintiff's use of a pseudonym and compel the use of his legal name in the caption and Complaint.

-

        Respectfully submitted,

        **TUCKER LAW GROUP, LLC**

        <u>YBM5502</u>_____
        Joe H. Tucker, Jr. Esquire
        Yvonne Barnes Montgomery, Esquire
        Bacardi L. Jackson, Esquire
        One Penn Center at Suburban Station
        1617 JFK Boulevard, Suite 1700
        Philadelphia, PA 19103
        215. 875.0609 – Telephone
        215. 875.8143 – Facsimile
        jtucker@tlgattorneys.com

        **Attorneys for Temple Defendants**

**Date: December 9, 2013**

-

## CERTIFICATE OF SERVICE

I, Yvonne Barnes Montgomery, Esquire, attorney for Temple Defendants in the foregoing action, hereby certify that a true and correct copy of Temple Defendants' Motion to Strike Plaintiff's use of a Pseudonym and Compel the Use of His Legal Name in the Caption and Complaint pursuant to Rule 10(a) was forwarded via ECF filing to the following individual:

> Patricia M. Hoban, Esquire
> Two Penn Center, Suite 200
> 1500 JFK Boulevard
> Philadelphia, PA 19102
> pmhoban@hotmail.com
> (Counsel for Plaintiff)

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

YBM5502_____
Joe H. Tucker, Jr. Esquire
Yvonne Barnes Montgomery, Esquire
Bacardi L. Jackson, Esquire
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
215. 875.0609 – Telephone
215. 875.8143 – Facsimile
jtucker@tlgattorneys.com

**Attorneys for Temple Defendants**

**Date: December 9, 2013**

-