IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE :<br>:<br>v. :<br>:<br>TEMPLE UNIVERSITY, et al. :<br>: | CIVIL ACTION<br><br>NO. 13-5156 |

## ORDER

**AND NOW**, this 6th day of August, 2014, upon consideration of "Temple Defendants' Motion to Strike Plaintiff's Use of a Pseudonym and Compel the Use of his Name in the Caption and Complaint Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure" (Doc. No. 10) and the Plaintiff's response thereto, we find as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1. Plaintiff filed his Complaint on September 4, 2013 identifying himself only by his Temple University ("Temple") identification number, without leave of court. He alleges that he was expelled from Temple's Kornberg School of Dentistry after an unfair disciplinary hearing which resulted in violations of his equal protection and due process rights. He asserts that his expulsion was the result of "unfounded, negligent, careless and reckless phoney [sic] accusations made by" a female student that he had stalked her, fondled himself in front of her, and propositioned her for sex. (Resp., Doc. 14-2, pp. 2-3.) He was also arrested on September 28, 2012 based on these incidents but was found not guilty after an April 1, 2013 trial in the Municipal Court of Philadelphia County. On December 9, 2013, the Defendants sought through the current motion to enforce Federal Rule of Civil Procedure 10(a) and compel Plaintiff to refile the complaint under his legal name.

1

**STANDARD OF REVIEW**

2. Typically, Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to identify themselves in their respective pleadings." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). However, "in exceptional cases courts have allowed a party to proceed anonymously" if the party shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. (quoting Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)). It is not sufficient for a party to merely establish that he or she "may suffer embarrassment or economic harm." Id.

3. There are nine non-exhaustive factors that a court in the Third Circuit should weigh when determining whether a party may use a pseudonym. The first six factors, which favor anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities [*sic*]; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 409 (internal quotation marks omitted). The three final factors, which disfavor anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities [*sic*], beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (internal quotation marks omitted). The United States Court of Appeals for the Third Circuit has held that "the decision whether to allow a plaintiff to proceed anonymously

rests within the sound discretion of the court." Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008).

**ANALYSIS**

4. Plaintiff asserts that if he is forced to bring the case in his own name, the exposure may prevent him from being accepted into other dental schools or prevent him from obtaining professional licenses. He essentially argues that anonymity is necessary to prevent possible embarrassment and economic harm, which are insufficient justifications for using a pseudonym. Megless, 654 F.3d at 408. These contentions do not amount to a reasonable fear of "severe harm." Id.

5. Moreover, when balancing the nine factors used within the Third Circuit, we conclude that Plaintiff's use of a pseudonym is not warranted in this case.[1]

   a. First, we examine the extent to which Plaintiff's identity has thus far been kept confidential. His arrest and trial were public and his identity was not confidential during the Temple disciplinary proceedings. Plaintiff did, however, petition to have his criminal record expunged, which was granted on June 6, 2013. On balance, we find that this factor slightly favors anonymity since Plaintiff has made an effort to conceal his identity, albeit after the public initially had access to the information.

   b. Second, we look at Plaintiff's reasons for using the pseudonym. As mentioned, Plaintiff fears that other dental schools will not accept him if they learn of the allegations, as well as the public embarrassment arising from having been accused of sexual misconduct. Megless makes clear that such fears are typically

---

[1] We note that in his response, Plaintiff fails to address any of the Third Circuit law on this issue and instead cites to standards used in other jurisdictions. Indeed, Plaintiff's brief is completely devoid of any authority from our Circuit.

        insufficient to confer anonymity. Moreover, in the event that such an occasion arose, Plaintiff may offer the not guilty verdict from his criminal trial as vindication. Accordingly, we find this factor weighs in favor of disclosure.

c. Third, we find that the level of interest the public might have in maintaining Plaintiff's anonymity is not unusually high. He is not a minor, mentally ill, or a member of some other particularly vulnerable class. See Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997) (finding a strong public policy interest in maintaining the confidentiality of the names of litigants with mental illness). Therefore, this factor also weighs in favor of disclosure.

d. Fourth, we conclude that there is no atypically weak public interest in knowing the Plaintiff's identity due to the nature of the issues presented. Indeed, as described below, typically the public has a very strong interest in having access to the litigants' identities. Thus, this factor weighs in favor of disclosure.

e. Fifth, as in most any other case, it would be undesirable if Plaintiff refused to pursue his case merely because he was ordered to disclose his identity. Moreover, in that this case involves constitutional deprivations regarding discrimination and lack of due process, the public also has a strong interest in the outcome and would suffer should the case terminate prematurely. Thus, this factor weighs in favor of anonymity. We note, however, that Plaintiff has not suggested that he will dismiss his case if the current motion is granted.

f. Sixth, as Temple notes, it does not appear that Plaintiff has an ulterior motive attached to his desire to use a pseudonym. As a result, this factor weighs in favor of anonymity.

    g.    Seventh, as the first factor militating against the use of a pseudonym, we conclude that, as always, there is a high "level of public interest in access to the identities of litigants." Megless, 654 F.3d at 409 (internal quotation marks omitted). "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." Id. at 408 (quoting Daubney v. Cooper, 109 Eng. Rep. 438, 441 (K.B. 1829)). The court in Megless explained that the public has a right to know who is using their courts and defendants have a right to confront their accusers. Id. Indeed, a "plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" Id. (quoting Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)). It is clear that this factor weighs heavily in favor of the disclosure of Plaintiff's identity.

    h.    Eighth, Temple concedes, and we agree, that there is not a "particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained." Id. at 409 (internal quotation marks omitted). Plaintiff is not a public figure nor is the subject matter such that disclosure of the parties' identities would be mandatory. Thus, this factor weighs in favor of anonymity.

    i.    Ninth, and finally, we consider whether Temple's motivation in seeking to reveal Plaintiff's identity is illegitimately motivated. We find no such evidence nor does Plaintiff suggest any. Accordingly, this factor weighs in favor of disclosure.

6.    After weighing the nine factors, we find this to be a close call. However, the factors ultimately tip in favor of disclosure. Taking that into account as well as the nature and likelihood of the harm Plaintiff fears and the general dictate of Federal Rule of Procedure 10(a), we conclude that the use of a pseudonym is not warranted in this case.

**WHEREFORE**, it is hereby **ORDERED** that "Temple Defendants' Motion to Strike Plaintiff's Use of a Pseudonym and Compel the Use of his Name in the Caption and Complaint Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure" (Doc. No. 10) is **GRANTED**, and Plaintiff shall file an amended complaint identifying his legal name in the caption and complaint within thirty (30) days of this Order or face dismissal of the complaint.[2]

                **BY THE COURT:**

                **/s/ Mitchell S. Goldberg**

                _____

                **Mitchell S. Goldberg, J.**

---

[2] Plaintiff's amended complaint shall also be consistent with our Order granting in part Defendants' motion to dismiss.